J. H. SCHEMMER v. STATE OF NEBRASKA.

FILED DECEMBER 4, 1920. No. 21466.

1. **Intoxicating Liquors: PROSECUTION: EVIDENCE.** In a prosecution for having in possession an alcoholic preparation, or remedy containing drugs or medicines, such as are described in section 27, ch. 187, Laws 1917, and unfit for use as a beverage, it is essential to a conviction that the compound, preparation or remedy be "manufactured, bought, sold or dealt in for use as a beverage or intoxicant."

2. ——: BEVERAGE: QUESTION OF FACT. Whether an alcoholic compound, preparation, etc., such as those described in section 27, ch. 187, Laws 1917, is unfit for use as a beverage, is a question of fact to be determined from the evidence in each case.

3. ——: ——. If any of the preparations, compounds, etc., described in said section 27, ch. 187, Laws 1917 (in which class Jamaica ginger is included), are found by the jury to be fit for use as a beverage, they are within the general provisions of the prohibition act.

ERROR to the district court for Knox county: ANSON A. WELCH, JUDGE. *Reversed.*

*F. L. Bollen* and *A. J. Wilcox,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *P. H. Peterson, contra.*

ALDRICH, J.

This is a prosecution for a violation of the liquor laws. It was charged that the plaintiff in error did "unlawfully, wilfully, and maliciously have in his possession, and keep for illegal purposes, one pint of intoxicating liquor, to wit, about one pint of Jamaica ginger, in his place of business and on his person," etc. The evidence showed that he is a druggist, and on the date charged he was found lying on the floor in the rear part of his drug store apparently in a stupor; that when he was revived partially he said that in moving some tubs of ice cream he had slipped and fallen, had broken a rib, and had taken at intervals two small doses of Jamaica ginger and a dose of morphine in order to relieve the severe pain. There was found on his person a 16-ounce bottle of Jamaica ginger partially filled. His rib was not broken, but the physician testified he found a tender spot on his side.

The evidence shows that Jamaica ginger is manufactured by percolating alcohol through ginger root in a powdered from, and that it usually contains in its commercial form at least 80 per cent. of alcohol. It is a standard medical preparation and is used in materia medica in diseases or disturbance of the bowels. The un-

disputed testimony sustains the recital of facts in the first paragraph of instruction No. 1, requested by defendant, and refused by the court, which is as follows:

"The evidence in this case shows that the liquor claimed to have been found and in the possession of the defendant on his person is a preparation or remedy containing drugs which do not contain more alcohol than is necessary for the legitimate purpose of extraction, solution, or preservation, and which contains drugs which in compatible combination is in sufficient quantities to so medicate such preparation or remedy as to make such liquor a medical preparation and render same unfit for use as a beverage, and the same is unfit for a beverage.

"And the burden of proof is on the state to prove beyond a reasonable doubt that the defendant did manufacture, sell, buy or deal in same for use of the same as a beverage at the time and place stated in the complaint; and unless you so find you will find the defendant not guilty."

The court, however, adopted and gave to the jury in his charge the first paragraph of this instruction, and, instead of the second paragraph, substituted the following: "And the burden of proof is on the state to prove beyond a reasonable doubt that the defendant had such liquor in his possession on his person at the time and place stated in the complaint; that the same was an intoxicating liquor; and that the defendant, at said times and place, had such liquor in his possession for use as a beverage; and unless you so find you will find the defendant not guilty."

Section 27, ch. 187, Laws 1917, after describing the alcoholic compounds, preparations and remedies which are not within the act, contains the following provision: "Provided that such compounds, preparations, remedies, perfumes, essences, extracts, and syrups, are not manufactured, bought, sold or dealt in for use as a beverage or intoxicant, and provided further that such compounds, preparations, remedies, perfumes, essences, extracts, and syrups, are unfit for use as beverages."

Schemmer v. State.

Under the first proviso, in order to bring such preparations within the act, it must be proved that "such compounds, preparations, remedies, perfumes, essences, extracts, and syrups, are not manufactured, bought, sold or dealt in for use as a beverage or intoxicant." There is no proof in this case that this article is manufactured, bought, sold or dealt in for use as a beverage or intoxicant, or that the defendant had kept or sold the article for that purpose. The testimony of expert witnesses is that Jamaica ginger is harsh and irritating to the stomach, unpleasant to take, and unfit for use as a beverage, although occasionally individuals with abnormal appetites use it for that purpose.

The intention of the legislature was evidently not to prohibit the use of all alcoholic compounds, remedies, essences, culinary, mechanical or toilet preparations, but to include within the prohibition of the act all such articles manufactured, bought, sold or dealt in for use as a beverage or intoxicant. It is a difficult matter to draw the line, because the question is one of degree, and the circumstances of each case must determine the intent. The legislature did not mean to punish those who in good faith manufacture, sell, deal in, or keep the articles enumerated in section 27 for their proper purpose, if they "are unfit for use as beverages."

The charge was not intoxication, but possession of a liquor described in section 27 of the act. It was incumbent upon the state to prove that the article was manufactured, bought, sold or dealt in for use as a beverage or intoxicant, and the jury should have been so instructed. The instruction tendered by defendant was not entirely correct, in that it did not follow the language of the statute, but one should have been given covering the point. Instruction No. 4 given by the court was prejudicially erroneous.

REVERSED.