EVA THAMANN ET AL., APPELLEES V. JOHN MERRITT ET AL., DEFENDANTS: SHERMAN & MCCONNELL DRUG COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 13, 1924.  No. 22998.

1. Intoxicating Liquors: UNLAWFUL SALES. Under section 27, ch. 187, Laws 1917, it is unlawful for a licensed pharmacist to sell any alcoholic compound, preparation, or remedy, which contains sufficient alcohol to make it intoxicating, unless it has been so medicated with drugs as to render it unfit for use as a beverage.

2. ———: ALCOHOLIC COMPOUNDS. The fact that an alcoholic compound or preparation may be drunk in sufficient quantities to produce death, does not, of itself, establish that such compound or preparation is unfit for use as a beverage, within the meaning of section 27, ch. 187, Laws 1917.

3. ———: SALES: LIABILITY. Under the civil damage sections of chapter 187, Laws 1917, a licensed pharmacist is not liable in damages arising from the use of an alcoholic compound or preparation, sold by him, unless such sale was made in violation of law.

4. ———: ———: QUESTION OF FACT. Whether essence of wintergreen, an alcoholic compound or preparation, is unfit for use as a beverage is a question of fact, to be determined from the evidence.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Reversed.*

*Stout, Rose, Wells & Martin,* for appellants.

*Murphy & Winters,* contra.

Heard before MORRISSEY, C. J., LETTON and GOOD, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action under civil damage sections of the Nebraska prohibition act of 1917. From a judgment for plaintiff, the defendants, Sherman & McConnell Drug Company and Charles R. Sherman, have appealed. This is the second appearance of this case in this court. The former opinion appears in 107 Neb. 602. The action was originally begun against Merritt *et al.,* but, since the first trial, has been dismissed as to all defendants except the Sherman & McConnell Drug Company (hereinafter called the drug company) and Charles R. Sherman. The drug company, as a licensed pharmacist, operates five drug stores in the city of Omaha, and Charles R. Sherman is surety on the bond of the drug company for each of its stores.

Plaintiff brought this action on behalf of herself and minor children, to recover for loss of support, occasioned by the death of her husband, John Thamann. It is alleged in the petition that between the 24th and 30th days of December, 1917, John Thamann purchased of the drug company at its stores in Omaha essence of wintergreen, an intoxicating liquor, which he drank and which caused his death on December 31, 1917; that said intoxicating liquors, so sold to the deceased, were not so medicated as to be unfit for use as a beverage, and consisted of approximately 5 to 10 per cent. of essence of wintergreen and 90 to 95 per cent. of alcohol. The defendant drug company admitted that it was a duly licensed pharmacist, and it was admitted that the defendant Sherman was surety on the bond of the drug company, and in their answer defendants alleged that the drug company was authorized to sell and keep for sale alco-

hol, under section 17, ch. 187, Laws 1917; and denied that they had sold any alcoholic compound, preparation, or remedy, except in strict compliance with section 27 of the prohibition act of 1917.

Defendants contend that the trial court erred in the whole theory of the law applicable to the facts. They argue that under the food and drugs act of Nebraska it was lawful for defendant drug company to sell any medical compound or preparation that is recognized in the United States Pharmacopœia or National Formulary, and that is prepared according to the formula laid down in either of these works, regardless of the fact that it may be intoxicating, unless such compound or preparation is sold for a beverage. They contend, further, that the National Formulary contains a formula for the preparation of essence of wintergreen, and argue that therefore there can be no liability in this case unless the essence of wintergreen was sold to Thamann as a beverage.

We think this argument is not sound. In the first place, neither the United States Pharmacopœia nor the National Formulary lists essence of wintergreen as a medical compound or preparation. It is true that the National Formulary contains the following formula: "Any spirit of a volatile oil, for which no formula is provided, may be prepared by the following general formula: The volatile oil, 65 milliliters, alcohol, 935 milliliters." However, this by no means goes to the extent of recognizing essence of wintergreen, which is composed of oil of wintergreen and alcohol, as a medicinal preparation or compound. But, even if it was recognized in the United States Pharmacopœia or National Formulary as a medical preparation or compound, if it was fit for use as a beverage, we think it would be prohibited. Section 27, ch. 187, Laws 1917, which was in force at the time of the sale of the essence of wintergreen to Thamann, authorized the sale of alcoholic compounds, preparations, or remedies, containing drugs or medicines, which do not contain more alcohol than is necessary for the legitimate purpose of extraction, solution, or preservation, and which con-

tain drugs in sufficient quantities to so medicate such compounds, preparations or remedies as to make them medicinal preparations or compounds, and to render such compounds, preparations or remedies unfit for use as beverages. The said section permits the sale of culinary and toilet articles, containing alcohol, if not sold or dealt in for use as a beverage or intoxicant, and provided, further, that such compounds, perfumes, essences, extracts and syrups are unfit for use as beverages. We think that under this section of the liquor act, which was in force, a licensed pharmacist cannot lawfully sell any alcoholic compound or essence which contains sufficient alcohol to make it intoxicating, unless it has been medicated with other drugs, so as to render it unfit for use as a beverage.

Defendants further argue that, since it is alleged that the essence of wintergreen which Thamann drank caused his death, such fact conclusively proves that the essence of wintergreen was unfit for use as a beverage. The same argument would authorize the sale of alcohol that contained but the slightest trace of any flavoring extract, if the alcohol, when drunk in sufficient quantities, would produce death. It is a matter of common knowledge that the death of many persons has been caused by the excessive use of intoxicating liquors. The fact that they will produce death when drunk in large quantities does not render them unfit for use as a beverage, within the meaning of the statute.

Section 22 of said chapter 187, which requires a registered pharmacist to give bond, provides, among other things, that such bond shall be conditioned that the applicant will not violate any of the provisions of this act and will pay all damages, fines and penalties which may be adjudged against him for a *violation* of the provisions of this act. It further provides that the bond may be sued upon for the use of any person, who may be injured by reason of the *unlawful* sale or giving away of any intoxicating liquors by such registered pharmacist, and section 52 of the act provides, among other things, that any wife, who shall be injured in her means of support by intoxication of any person, shall have a

Thamann v. Merritt.

right of action against the person furnishing the intoxicating liquor that caused or contributed to the intoxication of such person, and provides that a registered pharmacist, holding a permit, shall pay all damages that individuals may sustain in consequence of any *unlawful* sale by himself, his agent, or servant, of intoxicating liquors. It further provides that it shall be lawful for any married woman to maintain an action for all damages sustained by herself and children on account of such *unlawful* sale.

From a consideration of these sections of the statute, we think it is clear that an action for damages will not lie unless there has been an *unlawful* sale or disposition of the alcoholic liquor which has caused or contributed to the injury complained of. So that we come to the crucial question: Was the sale of the essence of wintergreen an *unlawful* sale of intoxicating liquor? The evidence discloses beyond question that the essence of wintergreen, sold by the defendant drug company, contained 93½ per cent. of alcohol and 6½ per cent. of oil of wintergreen. The statute prescribes that liquors containing more than one-half of one per cent. of alcohol shall be deemed intoxicating. It is a matter of common knowledge, of which this court will take judicial notice, that liquor containing 93½ per cent. of alcohol is intoxicating. But, under the statute, it is not the sale of every intoxicating liquor that is prohibited. If it is sold as a medical compound or preparation and has been so medicated as to render it unfit for use as a beverage, then it is not in violation of law. As already observed, whether or not essence of wintergreen was unfit for use as a beverage is not a question of law but one of fact, which should have been submitted to the jury for its determination under the evidence. *Schemmer v. State.* 105 Neb. 324.

Defendants introduced evidence tending to prove that essence of wintergreen is a medicinal preparation or compound and is used as a medicine in the treatment of rheumatism and other diseases. They further offered evidence to prove that essence of wintergreen was unfit for use as a beverage. This proffered evidence was, on objection, ex-

cluded as immaterial. After the objection was sustained, no offer of proof was made. The questions propounded so clearly indicated the information that was expected to be elicited that the court was fully advised thereof. Under such circumstances, no offer to prove was necessary. *Williams v. Fuller,* 68 Neb. 354. The exclusion of this evidence was erroneous.

Defendants further complain of numerous instructions of the court. We deem it necessary to consider but one. By the third instruction the court told the jury, in effect, that if plaintiff proved that the defendants, at about the time alleged in the petition, sold intoxicating liquor, which was drunk by Thamann, and that such liquor caused or contributed to his death, and that by his death the plaintiff was damaged, then she was entitled to recover. If the essence of wintergreen was sold as a medicinal preparation or compound and was unfit for use as a beverage, then its sale was lawful, notwithstanding it was an intoxicating liquor and the purchaser, by an abuse of its legitimate use, might become intoxicated. Before there could be a recovery, it must be established to the satisfaction of the jury that there has been an *unlawful* sale of intoxicating liquor. It follows that the instruction, as given, was prejudicially erroneous.

Because of errors in giving the third instruction and the exclusion of material evidence, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.