STATE OF NEBRASKA, APPELLEE, v. CARL FONVILLE, APPELLANT.

248 N. W. 2d 27

Filed December 22, 1976. No. 40487.

Frank B. Morrison and Joseph F. Bataillon, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN, District Judge.

CLINTON, J.

Defendant was charged with grand larceny, tried before a jury, found guilty, and sentenced to a term of 2 to 5 years in the Nebraska Penal and Correctional Complex.

On appeal he asserts the trial court erred: (1) In "refusing to allow the accused to testify as to the relation between himself and his co-defendant prior to

trial"; (2) in refusing "to allow the defense counsel to attack the credibility of the State's corroborating witness on cross-examination, to wit: her bias for or against the accused and his co-defendant"; and (3) the sentence is excessive. We will treat the assignments in order.

On direct examination the defendant's counsel asked defendant the following question: "The State has alleged that you and Mr. Jungwirth have entered into a conspiracy. Is there any reason that you might not have considered Mr. Jungwirth a proper person to conspire with?" The prosecutor made objection in the following form: "I am going to object to that for the same reason. Secondly, his answer could only be self-serving." The trial judge sustained the objection "as calling for a conclusion." No offer of proof was made and the defendant's counsel did not further pursue whatever subject the question was intended to elicit.

We must treat the objection as a general objection and not a specific objection for two reasons: (1) We cannot tell for certain from the record what "same reason" is, and (2) that an answer may be "self-serving" states no recognized legal grounds for excluding evidence. We recognize, however, that such objection is often used as a substitute for the objection of hearsay in situations where a party seeks to offer his own out-of-court hearsay statement, and such statement is not otherwise material and admissible as, e.g., an excited, spontaneous declaration, or as an operative fact. The question before us then is, was an offer of proof by the defendant necessary, or does it reasonably appear from the context that the answer would be material and competent.

At this point it is advisable to state some background information. The substance of the State's case was that the defendant Fonville and one William Jungwirth, as a cover for the larceny, conspired to make it appear that a Vicker's service station which Fonville managed

had been robbed. The evidence indicates that pursuant to agreement between the two persons, Jungwirth appeared at the station shortly before opening time one morning. Fonville opened the safes, gave Jungwirth the money therefrom, then directed Jungwirth to hit him on the head. Jungwirth complied with the request, inflicting a slight injury. Fonville then reported a robbery. Later the two met at the home of Jungwirth's niece and divided the loot.

Section 27-103, R. R. S. 1943, provides in part as follows: "(1) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and: . . . (b) In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked. . . . (4) Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge." The above-quoted portion of the statute does not appear to have changed the general rule previously applicable that where evidence is excluded an offer of proof is generally a prerequisite to review on appeal. Blondel v. Bolander, 80 Neb. 531, 114 N. W. 574. Since no offer of proof was made, the question then becomes, was "the substance of the evidence . . . apparent from the context within which . . . (the question was) asked," § 27-103(1)(b), R. R. S. 1943; Thamann v. Merritt, 111 Neb. 639, 197 N. W. 413; In re Estate of Johnson, 100 Neb. 791, 161 N. W. 429; and would it have been material and competent, In re Estate of Johnson, *supra.*

Previous to the question to which objection was made and sustained, defendant's counsel was interrogating his client on the subject of how long he had known Jungwirth and the number of times they had talked or visited and where. He then asked: "Is there any reason that you might not have confided in Jungwirth?" The prosecutor made an objection to this question, the

substance of which was that the question could not be understood. The court sustained the objection.

In the above context we do not believe it is reasonably clear what information was sought to be elicited by the question and whether it was material and competent. One can speculate on many possible answers. Was Fonville going to relate something that he had been told by a third party? Was he going to tell something from his own knowledge that made it unlikely that he would conspire with Jungwirth? Was he simply going to give an unfounded opinion? Did he want to relate some event which had occurred? If so, what was its nature? We simply cannot tell from the context, hence we believe that under the circumstances the rule that where evidence is excluded an offer of proof is generally a prerequisite to review on appeal should be applied. The defendant's first assignment is not well taken.

Jungwirth's niece with whom he lived was called as a witness by the State. She testified, among other things, that before the alleged robbery she heard Fonville and her uncle discussing a plan to steal money from the Vicker's station. She also testified that on the afternoon following the alleged robbery Fonville came to her home, that he and Jungwirth then went to the basement, and that shortly thereafter Fonville left. Immediately thereafter Jungwirth gave her a large quantity (more than $60) of coins, along with a $20 bill. Jungwirth was unemployed at the time. This witness also testified on cross-examination that in the past Jungwirth had beaten her.

Jungwirth testified for the State after having pled guilty to a charge of grand larceny involving the events hereinbefore described. On cross-examination of Jungwirth, Fonville's counsel asked him whether he had at any time beaten his niece. Objection was made that the evidence was not relevant or material and the objection was sustained. The defendant here contends that the

evidence was admissible on the question of Jungwirth's credibility.

Section 27-608, R. R. S. 1943, is in part as follows: "(1) The credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion, but subject to these limitations: (a) The evidence may refer only to character for truthfulness or untruthfulness, and (b) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

"(2) Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in section 27-609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness be inquired into on cross-examination of the witness (a) concerning his character for truthfulness or untruthfulness, . . . ." See Basye v. State, 45 Neb. 261, 63 N. W. 811. It does not seem to us that whether Jungwirth had beaten his niece or not is probative of his untruthfulness. Clearly we cannot say that the trial court abused its discretion in refusing to admit the evidence. See, also, § 27-403, R. R. S. 1943. The defendant's second assignment is not well taken.

Neither can we find from the record before us that the trial court abused its discretion in imposing a 2 to 5 year sentence.

AFFIRMED.