STATE OF NEBRASKA, APPELLEE, V.
RAY TRUE, APPELLANT.

316 N.W.2d 623

Filed February 26, 1982. No. 81-599.

Avis R. Andrews for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The defendant-appellant, Raymond F. True, appeals from the conviction by a jury of aiding and abetting a burglary. We affirm.

On the morning of August 12, 1980, at approximately 2 a.m., the Victory Liquor Store at Fremont, Nebraska, was burglarized. A police officer responding to the burglary stated he observed two men in the vicinity of the store and was able to capture one Allen Fraizer, but the other individual escaped. Other officers at the scene found that the front window glass of the store had been broken, and the owner reported that seven 12-packs of beer were missing, as well as $9.50 in change from the cash register. The beer was subsequently found in a car registered to the defendant's mother, which was parked several yards from the liquor store. As the officers investigated the burglary, the store owner reported that he saw someone hiding in a back storeroom. Victor True, the appellant's brother, was found hiding under a shelf and was arrested. After his arrest, Victor True gave a written statement to the police, which he examined and signed, which stated in part: "Me, Ray [appellant herein] & Allen got out & I went to the back

of the store, Allen & Ray went to the front. The next thing I knew I heard glass break. When I got to the front I saw the plate glass window was broken. I don't know which one of them broke it. Since I was the smallest I crawled in the store thru the window and went to the coolers. I took some Budweiser and handed it out to Allen & Ray."

Appellant went to Iowa the morning of the burglary and was arrested on March 24, 1981, when he turned himself in to the police. Upon his arrival at the police station, defendant was informed of his rights and asked if he would give a statement. He did so and stated that he had been with his brother and Allen Fraizer at about midnight on the night in question, and while they were at Wild Wood Park "they started talking about robbing a place." Appellant stated that he would drive them in the car, but that he would go home to bed because he had to go to Iowa in the morning. He stated that he did drive them to the location of the burglary, but that he walked away. Appellant stated that although he heard the glass break, he did not go into the store, nor did he receive anything from either his brother or Allen Fraizer.

At trial, Victor True repudiated the statement he had given the police on the day of his arrest, and testified that he had decided to break into the store only after his arrival there. Victor True stated that the discrepancy in his statement was due to the fact that he was hung over at the time the original statement was made. The officer who had taken the statement testified that at the time it was made Victor True did not appear to be under the influence of any drugs and was alert during the questioning.

Appellant was found guilty by a jury of aiding and abetting the burglary, a violation of Neb. Rev. Stat. §§ 28-507 and 28-206 (Reissue 1979), a Class III felony. He was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 2 nor more than 4 years.

Appellant alleges the trial court erred in (1) submitting the case to the jury, as there was no evidence upon which to base conviction other than his uncorroborated statement to the police, (2) excluding certain evidence purporting to explain his statement to the police, and (3) imposing an excessive sentence.

We analyze the first assignment of error in light of the rule that in determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass upon the credibility of witnesses, determine plausibility of explanations, or weigh the evidence, as such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Pena*, 208 Neb. 250, 302 N.W.2d 735 (1981); *State v. Holloman*, 209 Neb. 828, 311 N.W.2d 914 (1981).

Aiding and abetting involves some participation in the criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary; nor is it necessary that any physical part in the commission of the crime is taken or that there was an express agreement therefor. Mere encouragement or assistance is sufficient. *State v. Loveless*, 209 Neb. 583, 308 N.W.2d 842 (1981). See, also, *State v. Foster*, 196 Neb. 332, 242 N.W.2d 876 (1976); *State v. Dirgo*, 196 Neb. 36, 241 N.W.2d 351 (1976).

While a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is, nevertheless, competent evidence of the fact and may, with slight corroborative circumstances, be sufficient to establish the defendant's guilty participation and warrant a conviction. *Gallegos v. State*, 152 Neb. 831, 43 N.W.2d 1 (1950); *Vanderheiden v. State*, 156 Neb. 735, 57 N.W.2d 761 (1953).

Thus, in *State v. Scott*, 200 Neb. 265, 269-70, 263 N.W.2d 659, 660 (1978), we stated: "Where the crime involves physical damage to a person or property, the

prosecution must generally show that the injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable. In such a case there need to be no link, outside the confession, between the injury and the accused who admits having inflicted it."

In the present case there can be no dispute but that the evidence presented was sufficient to permit the jury to conclude that the appellant did aid and abet his brother and Allen Fraizer in the burglary at the Victory Liquor Store. The fact of the burglary was established without appellant's confession. The window of the store was broken, property was missing, and appellant's brother was found hiding in the store. Appellant's confession that he participated by transporting Victor True and Allen Fraizer to the liquor store in his mother's car is corroborated by the fact that the car was found near the scene. This was sufficient to make him an aider and abettor in view of the fact that, in his statement, appellant indicated that his brother and Fraizer had talked about robbing a place. Admittedly, Victor True recanted the statement implicating his brother at appellant's trial. However, it is for the trier of fact to determine at which time Victor was telling the truth. *State v. Bundy*, 184 Neb. 406, 167 N.W.2d 770 (1969).

Appellant's second assignment of error is likewise without merit. We do not understand the theory under which the trial court refused to allow the appellant to explain the statements made by him to the police on the occasion of his arrest. The question involved was: "When you stated that they started talking about robbing a place, what did you mean?" However, there was no offer of proof as to what the appellant would have testified to had he been allowed to answer the question; nor was there anything about the context within which the question was asked that makes known the substance of the evidence excluded. The appellant cannot predicate error on the court's ruling under such circumstances.

Neb. Rev. Stat. § 27-103 (Reissue 1979); *State v. Fonville*, 197 Neb. 220, 248 N.W.2d 27 (1976).

We come now to the third and last assignment of error, that the sentence was so excessive so as to constitute an abuse of discretion. The maximum possible penalty for a Class III felony is imprisonment for a maximum of 20 years, a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1979). The presentence report furnished the court includes a copy of the appellant's prior criminal record, which dates from the time he was 11 years of age in May of 1974. The sentence imposed in this case is near minimum for said offense and it is impossible to conclude that the sentence imposed was an abuse of the trial court's discretion. In the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Wredt,* 208 Neb. 184, 302 N.W.2d 701 (1981).

The judgment of conviction upon the jury's finding of guilt and the sentence imposed are affirmed.

AFFIRMED.