STATE OF NEBRASKA, APPELLEE, V. LARRY ALAN
THIELEN, APPELLANT.
342 N.W.2d 186

Filed December 30, 1983.   No. 83-235.

Mark M. Rhodes of Rhodes and Webb, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

In an amended information defendant-appellant was charged with aiding or abetting the intentional delivery of cocaine. After jury trial defendant was convicted and sentenced. On appeal defendant alleges that the trial court erred (1) in granting the State leave to amend the information "without service upon the Appellant or allowing him sufficient time to answer or to prepare to answer the charges set for [sic] in the amended information" (Brief for Appellant at 2); (2) in overruling defendant's plea in abatement; (3) in the reception of certain evidence without proper foundation; (4) in failing to find there was insufficient evidence to support a finding of defendant's guilt; (5) in refusing defendant's proposed jury instructions. For the reasons hereinafter set out we determine that the trial court did not err, and defendant's conviction is affirmed.

The facts are these. After an evening of partying into the early morning hours of August 17, 1982, the defendant allowed a Bobby Pearson to sleep in a rec room in the basement of defendant's residence. Pearson brought a small wooden box containing cocaine into the basement and concealed it in a drawer of a stove. Later in the morning while defendant was still sleeping, Pearson left for work, leaving the cocaine in the stove.

Prior to August 17, 1982, Investigator Richard Wagner of the Nebraska State Patrol, acting as an undercover agent, had been negotiating with Pearson to purchase some cocaine. Wagner called Pearson at his place of business on the morning of the 17th, and subsequent to their discussion met Pearson and they proceeded to the defendant's residence.

Upon their arrival they met the defendant just outside the back door. Defendant was taking out some garbage. Pearson introduced defendant to Wagner.

Defendant continued on with his work and Wagner and Pearson went down to the basement. There Pearson retrieved the box from the stove and placed the box on the counter. Having emptied the trash, defendant also proceeded down to the basement and found Pearson and Wagner in the kitchenette area. Wagner then took the substance, later determined to be cocaine, out of the box and asked Pearson about "weighing material." Pearson then asked defendant where defendant's scale was. Defendant left the room and returned with a scale. Wagner then weighed the cocaine, and displayed the drug fund money he was using to make the purchase. Throughout this time, defendant was present, although Wagner's conversation was only with Pearson. Wagner and Pearson agreed to pay the money outside and they left the basement together. Defendant stayed behind. Wagner and Pearson drove away in Wagner's car. After driving a few blocks Wagner arrested Pearson. Defendant was arrested later at his residence.

After defendant was bound over to district court, an information was filed entitled "Aiding or Abetting Delivery of a Controlled Substance Neb. R.S. 28-205 Class III Felony," and stating the defendant did "aid or abet the unlawful, felonious, knowing and intentional delivery of a controlled substance, to wit: one ounce cocaine to Inv. R. Wagner, N.S.P."

Defendant filed a plea in abatement alleging there was insufficient evidence to bind him over on the charges of delivery of a controlled substance or aiding or abetting delivery of a controlled substance. This plea in abatement was overruled by the district court, and the appellant was arraigned and entered a plea of not guilty. Jury trial was set for December 14, 1982.

On December 13 the State filed a motion for leave to file an amended information. The amended information was entitled "Aiding or Abetting Delivery of a Controlled Substance Neb. R.S. 28-206 Class III

Felony," and charged that defendant did "aid or abet the unlawful, felonious, knowing or intentional delivery of a controlled substance, to wit: cocaine to Investigator Richard Wagner, N.S.P."

A hearing was held on this motion on December 14. Defendant objected to the motion, alleging that the amended information contained a different charge, in that Neb. Rev. Stat. § 28-206 (Reissue 1979) was set out in the title, where the original information referred to Neb. Rev. Stat. § 28-205 (Reissue 1979). The court granted the State leave to file the amended information. No further arraignment was held and the case proceeded immediately to trial.

No question is raised in this court as to the lack of an arraignment held on the amended information, and none would be warranted in view of the provisions of Neb. Rev. Stat. § 29-1816 (Reissue 1979), which state in pertinent part, "If the accused appears in person and by counsel and goes to trial before a jury regularly impaneled and sworn, he shall be deemed to have waived arraignment and a plea of not guilty shall be deemed to have been made." Defendant was present with his counsel on the morning of trial. He objected to the amended information only on the specific grounds that the amended information stated a new charge against defendant. Defendant did not object to the inconsequential changes in the amended information, to wit: changing "and" to "or," deleting the amount of cocaine allegedly delivered, and spelling out the name of the investigator. His objection is based on the reference in the amended information to "Neb. R.S. 28-206." The language of the original information and the amended information both set out a violation of § 28-206, not a violation of § 28-205. Section 28-205 provides that a person is guilty "of aiding consummation of felony if he intentionally aids another to secrete, disguise, or convert the proceeds of a felony or otherwise profit from a felony." Defend-

ant was never charged in such language. Both the original and amended informations charged that defendant did "aid or abet the unlawful . . . delivery of a controlled substance"—a clear allegation of a violation of § 28-206. Defendant was never misled as to the allegation against him, and the amended information did not state a new charge when it referred to § 28-206 rather than § 28-205. In that situation the incorrect reference to the statute is mere surplusage in the information, and not prejudicial to defendant's rights.

The district court in its discretion may before trial permit the State to amend a criminal information, provided the amendment does not change the nature or identity of the offense charged, and the information as amended does not charge a crime other than the one on which the accused has his preliminary hearing. *State v. Costello*, 199 Neb. 43, 256 N.W.2d 97 (1977); *State v. Weible*, 211 Neb. 174, 317 N.W.2d 920 (1982).

The amendments in the information did not change the offense charged, and defendant was never misled as to the charge against him. The actual language of the crime charged in the information controls over a reference to an incorrect statute number in a situation such as this, where the language clearly sets out the elements of the crime charged. The trial court did not err in permitting the filing of the amended information.

Defendant next assigns as error the overruling of his plea in abatement. After examination of the evidence adduced at the preliminary hearing, the district court overruled defendant's plea in abatement. At the subsequent trial the jury found the defendant guilty of aiding or abetting delivery of a controlled substance.

This court has held that "after trial and conviction in the District Court any error in the ruling of the District Court on the plea in abatement is cured if the evidence at trial is sufficient to permit the jury

to find guilt beyond a reasonable doubt." *State v. Franklin*, 194 Neb. 630, 638, 234 N.W.2d 610, 615 (1975). See, also, *State v. Tomrdle*, 214 Neb. 580, 335 N.W.2d 279 (1983). There is no error shown in the overruling of the plea in abatement. As discussed below, the evidence in this case was sufficient for the jury to find defendant guilty. Therefore, there can be no error in the overruling of defendant's plea in abatement.

Defendant next assigns as error the admission into evidence of the cocaine itself, alleging that there was "an incomplete chain of custody." The evidence showed that Officer Wagner had the substance which had been delivered to him in his personal possession after the delivery until the officer placed the substance in a marked evidence bag and locked it in his desk. The officer then transported the substance to Lincoln and delivered it to the State's chemist. The chemist then tested the substance and found it to be cocaine.

The chemist's testimony as to his determination that the substance was cocaine was not objected to. The chemist testified that exhibit 2 at the trial was the bag of cocaine he had received from Wagner, and tested, and that the exhibit bore his lab number and initials. Officer Wagner testified that exhibit 2 was in the same condition as when he had it, except for "the bottom cut that was made by the laboratory."

The court said in *State v. Weible, supra* at 182, 317 N.W.2d at 924-25, that "an exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given. It must also be shown to the satisfaction of the trial court that no substantial change has taken place in the exhibit so as to render it misleading. As long as the article can be identified, it is immaterial in how many or in whose hands it has been."

Here, the cocaine was identified clearly, and the

trial court properly determined that it could be received in evidence.

Defendant also contends that the evidence was insufficient as a matter of law to prove that defendant intentionally aided or abetted the delivery of the cocaine in question. In determining this question this court must sustain the verdict of the jury if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. True,* 210 Neb. 701, 316 N.W.2d 623 (1982). Further, in considering the posture of defendant in this case as an alleged aider or abettor, we are guided by *State v. True, supra* at 704, 316 N.W.2d at 625, where it is stated: "Aiding and abetting involves some participation in the criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary; nor is it necessary that any physical part in the commission of the crime is taken or that there was an express agreement therefor. Mere encouragement or assistance is sufficient." The evidence in this case shows that defendant himself testified that Pearson asked him to get a scale and that defendant did go get the scale for Pearson. Further testimony from Pearson, who had been called as a witness by defendant, showed that defendant was in the room while the scale was used to weigh the cocaine. This same witness, to be sure, testified that defendant was not aware that cocaine was being weighed and sold. It is not the province of this court on review, however, to pass upon the credibility of witnesses or to weigh the evidence, because such matters are for the jury. *State v. True, supra; State v. Pena,* 208 Neb. 250, 302 N.W.2d 735 (1981).

Insofar as the question of defendant's criminal intent, the law is settled that independent evidence of specific intent is not required. The intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Brown,* 174 Neb. 393, 118 N.W.2d

332 (1962); *State v. Jungclaus,* 176 Neb. 641, 126 N.W.2d 858 (1964)0

In this case the jury was properly instructed, and the evidence is clearly sufficient to support the jury's finding of defendant's guilt.

Defendant also objects to the refusal of his offered instruction. The instruction, as offered, provided definitions of various terms. All appropriate definitions were set out in the court's instructions, and as stated in *State v. Vicars,* 207 Neb. 325, 335, 299 N.W.2d 421, 428 (1980), "The court may properly refuse a requested instruction where the substance of the request is covered in those actually given." The court did not err in refusing to give defendant's requested instruction, and no error has been shown in the instructions as given.

Careful consideration of the entire record discloses no error in any manner prejudicing defendant's rights. The judgment is affirmed.

AFFIRMED.