STATE OF NEBRASKA, APPELLEE, v. STEVEN WALKER, APPELLANT.

191 N. W. 2d 817

Filed November 24, 1971. No. 37910.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for breaking and entering a motor vehicle with intent to commit larceny. The only question presented by the appeal is the sufficiency of the evidence to sustain the conviction.

The record shows that an automobile owned by Frank Wolczak was broken into on August 16, 1970, and a radio removed from the automobile. At the time of the offense the automobile was in a parking lot near the University of Nebraska Medical Center in Omaha, Nebraska, where Wolczak was employed as a security guard. At about 3:40 a.m., Wolczak discovered that the radio had been removed from his automobile and notified the police.

At about 4 a.m. of the same day, Officers Garaczkowski and Sommer were on patrol in the vicinity of Thirtieth and Cuming Streets in Omaha, Nebraska. They observed a black Plymouth automobile proceeding without any lights. As the automobile passed the police cruiser at Thirty-first and Nicholas Streets, the officers noticed that the passengers in the rear seat appeared to be "shuffling around" as if they were putting something down in the back seat. They stopped the automobile just north of the intersection and observed there were some articles on the rear floor of the automobile partially covered by a banket. When the blanket was removed they found the radio taken from the Wolczak automobile, a stereo tape player, 9 stereo tapes, and a pair of surgical nail clippers.

The automobile belonged to the defendant. It was being operated by Leon McBride. Felton Phelps was sitting on the right side of the front seat. Jesse James Davis was sitting on the left side of the rear seat, and

the defendant was sitting on the right side of the rear seat. The radio and other articles were on the floor between Davis and the defendant. The defendant, who was arrested and taken to the police station, did not appear to be intoxicated.

Davis was called by the defendant and testified that he and Phelps had broken into the Wolczak automobile and taken the radio; that the defendant had nothing to do with the breaking and entering of the Wolczak automobile; that the defendant was asleep in the rear seat of the black Plymouth automobile at the time the Wolczak automobile was broken into; and that the defendant did not awaken until the automobile had been stopped by the police. Davis also testified that he had been with the defendant, off and on, from about noon on the preceding day, and that the four were together from midnight until they were picked up by the police.

The defendant testified that he owned the Plymouth automobile; that he and Phelps were together during the evening of August 15, 1970; that Davis and McBride were together and that the four of them got together at about 1 a.m.; that he drank a quart of beer at about 9 or 10 o'clock; that they picked up McBride's girl friend at about 1 a.m. to take her to the hospital; that he remembers nothing after that until he was awakened by the police shining a light in his face; and that he was sleeping because he had been drinking.

The evidence shows that the defendant and his companions had been together for several hours before the crime was committed. It is undisputed that the defendant was present at the scene of the crime. The defendant's automobile was being used to transport the stolen property and the four men were apprehended within a very short time after the break-in had occurred. The defendant's claim that he was sleeping and intoxicated was contradicted by the testimony of the police officers.

A common purpose among two or more persons to commit a crime need not be shown by positive evidence

but may be inferred from the circumstances surrounding the act and from the defendant's conduct subsequent thereto. Miller v. State, 173 Neb. 268, 113 N. W. 2d 118. Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. As we view the record, the evidence presented a question for the jury as to the defendant's participation in the offense committed by Davis and Phelps. It is not the province of this court to pass on the credibility of witnesses or weigh the evidence in a criminal case. State v. Warner, *ante* p. 335, 190 N. W. 2d 786.

The judgment of the district court is affirmed.

AFFIRMED.