STATE OF NEBRASKA, APPELLEE, v. FRANCIS M. MATTHEWS, APPELLANT.

289 N. W. 2d 542

Filed March 11, 1980. No. 42725.

Richard J. Bruckner, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

A jury found the defendant guilty of unlawful possession of a controlled substance with intent to deliver, and he was sentenced to imprisonment for 2 years.

At approximately 11 p.m., on July 17, 1978, deputy sheriffs and Omaha police officers entered a one-story single-family residence in Omaha, Nebraska, under a valid no-knock search warrant. The warrant authorized the search and seizure of methamphetamines and packaging materials and equipment used in preparing the substance for street sale. The defendant had resided in the house alone for approximately 5 years. When the officers entered, there were six persons present. The defendant went into the bedroom and was apprehended there and taken into the living room where the persons in the house were detained during the search.

The bedroom was searched first. On top of the dresser was a large triple-beam scale, a bag of white powdery substance, and one large plastic bag containing three small plastic bags, each containing a white powdery substance. The substance was later found to be methamphetamines, commonly known as speed. A plastic jar with a powdered substance later identified as lactose, a cutting agent, was found in a dresser drawer, and also another scale. A roll of bills, one $50 and 36 $1 bills, was found in the headboard of the bed. In the bedroom the officers also found another scale and two packages, each containing approximately 100 clear plastic bags. No other contraband drugs or articles were found on the main floor of the house.

In the basement the officers found a large scale,

and also a metal box, taped around the edges and wrapped and taped in a plastic bag. The box contained two large bags of white powdered substance later identified as methamphetamines. One bag contained 18 ounces and the other, 15 ounces. Upon completion of the search the defendant was arrested.

At trial the defendant testified that he had never seen any of the contraband items in his house before; that he did not know they were there; that none of them were in his bedroom; and that the officers must be mistaken in their testimony. He also testified that some time between May and July 1978, he had allowed Gary Apker, an acquaintance of his, to store some property in a wooden cabinet in the basement of the house. The defendant testified that he did not know what property had been stored, although he thought he had seen some guns. He also testified that the basement was always unlocked and that Apker, as well as others, had access to it at all times.

The defendant also introduced evidence that Apker had also been arrested on the night of July 17, 1978, as the result of a search of the Apker residence, and that subsequently Apker was found guilty by a jury of possession of methamphetamines with intent to distribute based on the substances found in the Apker residence. By stipulation of counsel the entire bill of exceptions of the Apker trial was admitted into evidence at the trial here, and that record established that Apker had previously been convicted of the same offense.

At the conclusion of the trial, the case was submitted to the jury, which returned a verdict of guilty, and the defendant was sentenced to 2 years imprisonment in the penal complex.

The defendant first contends that the evidence is insufficient to sustain a conviction because it fails to establish that the defendant knowingly and intentionally possessed the drugs, and that he intended

to deliver or distribute them.

Ordinarily, when narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence. State v. Klutts, 204 Neb. 616, 284 N. W. 2d 415 (1979).

It might be contended that the evidence as to Apker and his activities might constitute an explanation for the contraband found in the defendant's basement, but there was no evidence to explain the presence of the contraband materials in the defendant's bedroom. Those materials were all introduced and received into evidence. The defendant's testimony that the contraband was not there, or that the officers were mistaken, did not make the contraband materials disappear nor constitute any reasonable explanation for their presence in the bedroom.

Intent to deliver or distribute may be inferred from the equipment and quantity of controlled substances seized, the manner of packaging, the form of drug, and testimony of knowledgeable witnesses. State v. Rathburn, 195 Neb. 485, 239 N. W. 2d 253 (1976).

The evidence in this case is more than sufficient to establish either actual, joint, or constructive possession of methamphetamines, and an intent to distribute or deliver. The factual issues were submitted to the jury which resolved them against the defendant. In determining the sufficiency of evidence to sustain a conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

State v. Pankey, 202 Neb. 595, 276 N. W. 2d 233 (1979).

The defendant also contends that the trial court erroneously excluded certain exhibits and testimony dealing with Gary Apker. In particular, the defendant objects to the exclusion of his own offered testimony as to certain conversations with Gary Apker in one of which Apker is said to have stated: "I am sorry for the trouble I've gotten you into. I wish there was something I could do for you."

The various statements were specifically objected to upon the ground that they were immaterial, irrelevant, and hearsay. The exhibits, in general, were objected to on the premise that they were irrelevant, immaterial, hearsay, and not the best evidence. Even the specific conversation with Gary Apker which purports to include a statement intimating some sort of an expression of regret for some act of some kind having to do with the defendant does not come within the exclusion to the hearsay rule set out in section 27-804 (2)(c), R. R. S. 1943.

The evidence and testimony offered by defendant excluded by the court fell within well recognized rules of exclusion. Regardless of its materiality, the evidence was relevant only to establish that Gary Apker was a drug dealer and might have been the owner and possessor of some of the methamphetamines involved here. For that purpose it was also clearly cumulative and there was no abuse of discretion in excluding such evidence.

Defendant also contends that the court erred in giving an aiding and abetting instruction over defendant's objection. The defendant's own evidence attempted to establish the possibility that Gary Apker might have been the person in constructive possession of some of the methamphetamines involved here. If the jury were to accept that premise, the evidence was also amply sufficient to support the finding that the defendant was an aider and abettor of

Gary Apker. Whether the instruction should or should not have been given under the evidence here, the defendant was not prejudiced. An aider and abettor may be prosecuted and punished as if he were the principal offender. § 28-206, R. S. Supp. 1978.

Finally, the defendant contends that the sentence is excessive because this is his first felony conviction. The evidence in this case establishes that the street value of the methamphetamines seized in the defendant's home was approximately $100,000. The extent of the equipment and distribution supplies seized is persuasive that the defendant was engaged in the drug distribution business. The statutory penalties provide for a minimum of 1 year and a maximum of 10 years imprisonment. The defendant was sentenced to 2 years imprisonment. The sentence was within the statutory limits and there was no abuse of discretion.

The conviction and sentence are affirmed.

AFFIRMED.