STATE OF NEBRASKA, APPELLEE, V.
RICHARD PENA, APPELLANT.

302 N.W.2d 735

Filed March 6, 1981.  No. 43618.

Anthony S. Troia and James E. Riha for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Richard Pena, defendant below, appeals to this court from his conviction and sentence by the District Court of Douglas County, Nebraska, for the offenses of robbery, in violation of Neb. Rev. Stat. § 28-324 (Reissue 1979), and use of a firearm in the commission of a felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1979). We affirm.

The facts of this case, as revealed in the record, indicate that on January 24, 1980, two black men wearing masks entered the Vess Beverage Company located at 915 North 24th Street in Omaha. The men entered the beverage company through an unlocked door which opened onto the company plant area. They proceeded to the office of Donald Sharp, the corporate secretary of Vess Beverage Company, where they demanded cash from both Sharp and his secretary, Lois Braun. Sharp went to the company safe and removed a cashbox, which

was described as an 8- x 8-inch metal box. The cashbox contained approximately $40 at the time of the robbery. After Sharp placed the cashbox on his desk, one of the masked robbers, who was not wearing gloves, opened the box and took the money. Sharp was then ordered by the men to crawl underneath his secretary's desk, who in turn was directed to lie on the floor while the two men fled. Shortly thereafter, Sharp notified the Omaha Police Department, and the robbery area was dusted for fingerprints by a member of the police identification technician bureau. Two clear, latent prints were taken from the cashbox which had been opened by one of the robbers.

On February 2, 1980, the defendant was booked at the Omaha Central Police Station, during which process he was fingerprinted by the police. A subsequent analysis of the defendant's fingerprints found that they matched the two prints which had been taken from the cashbox at Vess Beverage Company. Pena was thereafter charged with robbery and for the commission of a felony with the use of a firearm. The defendant pled not guilty to both counts. On May 27 and 28, 1980, a jury trial was conducted before the District Court of Douglas County. The State introduced three witnesses, Cleve W. Albaugh, an identification technician with the Omaha Police Department, and Marcellus S. Deats, Jr., and Beverly Mazur, who were both qualified as experts in fingerprint identifications and comparisons. These witnesses each testified that, in their opinion, the fingerprints found on the cashbox matched those of the defendant's. Mr. Sharp and his secretary were called to establish that only they, or the president of Vess Beverage Company, had access to, or the authority to withdraw, items located in the safe.

At the close of the State's case, the defendant moved for dismissal, alleging lack of sufficient evidence to establish that he was the same person who had taken the money from the cashbox at Vess Beverage Company. The motion was overruled, and the defendant called a

witness to testify that the defendant had been at his home at the time of the crime. The defendant did not testify and the jury was instructed that it could draw no conclusions or inferences from his failure to take the stand. On May 28, 1980, the jury returned a verdict of guilty on both counts. On July 24, 1980, the defendant was sentenced by the trial court to a term of 8 to 12 years' imprisonment for the robbery conviction, and a consecutive term of 3 to 5 years' imprisonment for the use of a firearm in the commission of a felony conviction. Defendant was granted credit for the time he had spent in custody since January 28, 1980.

The defendant now appeals to this court, alleging that the trial court erred in overruling his motion to dismiss because, as a matter of law, there was not sufficient evidence to take the matter to the jury. It is the defendant's contention that the evidence presented as to the fingerprints, alone, is insufficient to establish his identity as the person who took the money from the cashbox at Vess Beverage Company.

This court has adopted the rule in criminal cases that the verdict of a jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Matthews,* 205 Neb. 709, 289 N.W.2d 542 (1980); *State v. Fowler,* 193 Neb. 420, 227 N.W.2d 589 (1975). See, also, *Glasser v. United States,* 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942). We have also held that in determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, as such matters are for the jury. *State v. Mills,* 199 Neb. 295, 258 N.W.2d 628 (1977).

Defendant Pena was connected with the robbery at Vess Beverage Company by expert testimony matching his known fingerprints with the latent, or unidentified, fingerprints taken from the cashbox which the robber

handled with his bare hands. The fingerprint expert who testified stated that although he only required eight points of similarity between the latent fingerprint and the known fingerprint, in this case there were at least twelve points of similarity, and probably more, although he did not deem it necessary to continue with the identification as it would have been redundant.

The process of matching known fingerprints with latent fingerprints for the purpose of identifying a criminal suspect is a procedure which has been approved by this court. In *State v. Riley*, 182 Neb. 300, 303, 154 N.W.2d 741, 743 (1967), this court stated: "Fingerprint identity testified to by a qualified expert is perhaps the best known method of the highest probative value in establishing identification." See, also, *Sharp v. State*, 117 Neb. 304, 220 N.W. 292 (1928).

Defendant contends, however, that there was an insufficiency of evidence to show that the fingerprints in question were placed on the metal box at the time of the robbery, and argues that they might well have been innocently placed there at some prior time. The evidence in the record establishes, however, that the area in which the cashbox was kept was generally inaccessible to the public, although it was accessible to the corporate secretary of Vess Beverage Company, his secretary, and the president of the company. A similar situation was presented to the United States Court of Appeals, Eighth Circuit, in *United States v. Scarpellino*, 431 F.2d 475 (8th Cir. 1970), where the court held that the fact that many people may have had access to a stolen car while it was on a used car lot and that the government did not prove the car was generally inaccessible to defendant unless he had possession of it did not render inadmissible the fingerprints taken from the car. In his opinion, Judge Gibson stated as follows: "Fingerprint evidence is of course admissible for the purpose of identifying the accused and of connecting him to the offense. The above sequence of events establishes that the stolen Riviera was used by the robbers in

the Midwest Federal robbery. The fact that many people may have had access to the stolen car while it was on the used car lot and that the Government did not prove the car was generally inaccessible to defendant unless he had possession of it did not render inadmissible fingerprints taken from the car. The evidence had probative value and whether it supported the inference that defendant was in the car at the time it was used to flee the scene of the robbery was for the jury to determine." *Id.* at 478. Also, in *United States v. Roustio*, 455 F.2d 366 (7th Cir. 1972), that court in its opinion, citing *Holland v. United States*, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 (1954), stated: "We hold here that defendant's fingerprints had probative value and that it was for the jury to determine, in light of all the other evidence, drawing upon their own common sense and general experience, whether such evidence permitted an inference to be drawn that beyond a reasonable doubt defendant robbed the bank in question. The jury was convinced beyond a reasonable doubt and 'we can require no more.'" *Id.* at 370. In this connection, see, also, *United States v. Nazarok*, 330 F. Supp. 1054 (E.D. Pa. 1971).

The jury at the trial heard the expert testimony identifying the latent fingerprints from the cashbox as those of the defendant's. It also heard testimony which established that the cashbox was normally kept away from public access and that the defendant had no authorized access to the box. Finally, the jury heard the testimony of the witness called on behalf of the defendant who gave alibi testimony as to the whereabouts of the defendant at the time of the alleged robbery. The jury, having heard all the evidence, found the defendant to be guilty of the crime charged. We determine that the evidence presented at the trial was sufficient to sustain the conviction; and the judgment of the trial court must be, and is, affirmed.

AFFIRMED.