**Charles L. MILLER, Petitioner,**

v.

**Charles J. BLACK, Warden, Nebraska State Penitentiary, Respondent.**

**No. CV83–L–244.**

United States District Court,
D. Nebraska.

June 14, 1984.

Charles L. Miller, pro se.

Mark Starr, Asst. Atty. Gen., Lincoln, Neb., for respondent Charles J. Black.

**MEMORANDUM**

URBOM, Chief Judge.

The magistrate's report of January 3, 1984, recommended dismissal of this habeas corpus action. The petitioner filed a timely objection, pursuant to 28 U.S.C. § 636(b)(1).

I have read the court file, the cases cited by the petitioner, and the bill of exceptions, which contains the trial transcript, and I believe that the magistrate's recommendation is correct. At trial, the prosecution introduced evidence that a man was seen breaking into a rectory, that the doors to the rectory were always locked, and that a fingerprint of the petitioner was discovered in the rectory on an item which had been moved during the robbery. The petitioner testified that several days before the robbery he had entered the rectory through an unlocked door to ask if he could mow the grass, that he had touched the object upon which his fingerprint was found, and that he then left the rectory without seeing anyone.

As the magistrate said, when a petitioner claims that he was convicted upon insufficient evidence, I must determine

whether, after viewing the evidence presented at trial in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Rhodes v. Foster,* 682 F.2d 711, 713 (C.A.8th Cir.1982). The cases cited by the petitioner, *Borum v. United States,* 380 F.2d 595, 596 (C.A.D.C.Cir.1967); *United States v. Roustio,* 455 F.2d 366, 370 (C.A.7th Cir.1972); *United States v. Scarpellino,* 431 F.2d 475, 478 (C.A.8th Cir. 1970); and *State v. Pena,* 208 Neb. 250, 254, 302 N.W.2d 735 (1981), stand for the proposition that when the prosecution relies on fingerprint evidence, it must show that the object upon which the fingerprint was found was not generally accessible to the defendant. This is necessary to show that the defendant did not touch the object innocently before the day of the robbery.

■ The petitioner's argument is that since he testified he had entered the rectory and had left his fingerprint before the robbery occurred, the prosecution needed to present evidence other than the fingerprint to show he committed the crime. This is not true. The jury heard the prosecution's witnesses say that the rectory's doors were always locked and they heard the petitioner testify that one door had not been locked. Under *Jackson,* I must view the evidence in the light most favorable to the prosecution, which means that I must assume that the jury believed the prosecution's witnesses and not the defendant. The information which the prosecution's witnesses presented, and which the jury believed, was precisely the information required by the cases cited in the petitioner's objection.

Since it is clear that the petitioner's request for habeas corpus is utterly lacking in merit, appointing an attorney for him is not necessary. I shall adopt the magistrate's report and recommendation and dismiss the petition.