STATE OF NEBRASKA, APPELLEE, V. GENE KAKELA, APPELLANT.

359 N.W.2d 786

Filed December 21, 1984.    No. 84-307.

Patrick B. Hays, for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from a jury conviction of defendant-appellant, Gene Kakela, for aiding and abetting

another to commit a robbery. Kakela assigns as error the trial court's refusal to sustain his motion to dismiss prior to submission of the case to the jury, and further alleges that the evidence was insufficient to support the verdict. After reviewing the record we affirm.

Kakela was charged in an information which alleged that he aided and abetted Ken Thorpe to commit a robbery at the Short Stop convenience store in North Platte, Nebraska. Jury trial was held. At the trial the county attorney presented evidence which, if believed by the jury, showed that Kakela and Thorpe discussed robbing the Short Stop store earlier in the day while they were both doing laundry; that the two entered the Short Stop to observe the layout in preparation for the robbery; that Kakela drove Thorpe to the Short Stop and waited outside while Thorpe robbed the store clerk; that Kakela drove Thorpe to the Holiday Inn after the robbery; and that Kakela confessed to the crime.

The jury found Kakela guilty as charged. Kakela was sentenced to not less than 1 nor more than 3 years in prison.

Kakela's first assignment of error, that the trial court erred in not dismissing the charge against him, is clearly untenable. In *State v. Tomrdle*, 214 Neb. 580, 582, 335 N.W.2d 279, 281 (1983), we said: "A motion for a directed verdict of acquittal can be sustained only if there is no substantial evidence reasonably tending to support the charge against the accused." In this case there was clearly substantial evidence to support the finding that the accused was guilty beyond a reasonable doubt. If the jury chose to believe Kakela's admission on the night of the robbery that he had helped rob the store, instead of his statement the next day that he was so drunk he did not know what he said the night before, there were ample corroborating facts to support a guilty verdict.

Kakela's second assignment of error is based on the same premise as the first—insufficiency of evidence. In the second assignment he claims the evidence was insufficient for the jury to find him guilty. Nebraska cases are replete with the standard of review we are bound to follow in this appeal:

[A]fter a jury has considered all the evidence and returned a verdict of guilty, that verdict may not, as a matter of law,

be set aside on appeal for insufficiency of evidence, if the evidence sustains some rational theory of guilt. . . .

. . . .

. . . In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

State v. Evans, 215 Neb. 433, 443, 338 N.W.2d 788, 794-95 (1983).

In this case the physical acts were not in dispute. Thorpe robbed the Short Stop, and Kakela drove Thorpe to and from the scene of the robbery. The determining fact was whether Kakela had done what he did intentionally or innocently. Both Kakela and Thorpe testified at trial that Kakela did not know about the robbery, but testimony of the police officers suggested Kakela was not only aware of but confessed to the crime. The jury is the trier of fact when there are conflicting facts and inconsistent testimony. The jury chose to believe Kakela's participation was intentional. It is not within the prerogative of this court to reweigh the facts and supplant the jury's decision. The jury was well within its province in convicting Kakela. Although evidence of his guilt was rebutted, it is the jury which weighed the testimony of the defendant and chose which of the conflicting stories to believe. There was substantial evidence to support the jury's verdict.

AFFIRMED.