STATE OF NEBRASKA, APPELLEE, v. MARY K. WILKENING, ALSO KNOWN AS MARY ANDERSON, APPELLANT.

382 N.W.2d 340

Filed February 28, 1986.   No. 85-404.

Bruce H. Abrahamson of Gunderson, Abrahamson, Grewe & Miller, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Mary K. Wilkening, was charged in the district court for Douglas County, Nebraska, with three counts of acquiring or obtaining or attempting to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge in violation of Neb. Rev. Stat. § 28-418(1)(c) (Reissue 1979). Following trial, the case was submitted to a jury which, on April 3, 1985, returned a verdict of guilty against Wilkening on all three counts. On May 17, 1985, the district court entered judgment in conformity with the verdict of the jury and sentenced Wilkening to incarceration in the county jail for a period of 4 months on each count, the sentences to run concurrently. Wilkening has now appealed to this court, maintaining that the evidence was insufficient as a matter of law to sustain a verdict and that the district court improperly submitted to the jury an instruction on "aiding and abetting." We believe that the district court did not commit error and that the judgment and sentences should be affirmed.

On December 8, 1983, Joseph A. Novita, a licensed pharmacist at Beaton Drug, 1218 South 119th Street, Omaha, Nebraska, filled a prescription for the narcotic analgesic Percodan, which was ordered by prescription for a "Mary Anderson" by a Dr. Gerald C. O'Neil. After filling the prescription Mr. Novita noticed that Dr. O'Neil was a pediatrician and became somewhat suspicious. Shortly thereafter, he phoned Dr. O'Neil's home and was informed that the doctor had been retired for several months. The state drug inspector was therefore notified by Beaton Drug.

Based upon the information received from Mr. Novita

regarding the apparently forged prescription for Percodan filled on December 8, 1983, a drug investigator for the state Department of Health began a search for similar prescriptions in the Omaha, Douglas County, area. A search through numerous pharmacies throughout the city of Omaha revealed many prescriptions for Percodan reportedly ordered for Mary Anderson, Mary K. Wilkening, or Bob Anderson by Dr. O'Neil. The drug inspector was also able to ascertain that the appellant, Mary K. Wilkening, had worked for Dr. O'Neil as a nurse for approximately 8 years preceding his retirement in August of 1983 and in an administrative capacity subsequent thereto until approximately September 21, 1983. The record also shows that Wilkening's maiden name was Anderson.

At trial Mr. Novita identified Wilkening as the person for whom he filled the prescription on December 8, 1983, though, on cross-examination, he admitted that his identification could be mistaken. Dr. O'Neil testified that he wrote no prescriptions during the months of September, November, or December of 1983, the dates on the three prescriptions made out to Mary Anderson and involved in this case.

The handwriting on these prescriptions was then compared by a questioned documents expert to exemplars and samples obtained from Dr. O'Neil, Mary K. Wilkening, and her husband, Rod Wilkening. The expert testified that the signature of Dr. O'Neil on each of the prescriptions was a simulated signature, i.e., a forgery. While the handwriting expert could not identify the actual author of these simulated signatures, he did testify that he believed that there was only one author for all of these simulated signatures. There was, however, other writing on the prescriptions, specifically on the line indicating for whom the prescription was to be filled. The expert testified that the name on each of these prescriptions which indicated for whom the prescription was ordered was authored by the same person and, in his opinion, that person was the appellant, Wilkening.

At the conclusion of the trial the case was submitted to the jury, and the court, over the objection of Wilkening's counsel, instructed the jury, among other matters, that in order to convict the defendant the State must prove beyond a reasonable

doubt that Wilkening "either alone or by aiding and abetting another, acquired or obtained possession of a controlled substance, percodan," on the three dates in question. The court further instructed the jury that it was not necessary that the State prove that Wilkening herself committed the unlawful act because anyone who aids, abets, or procures another to commit any offense may be prosecuted as if she were the principal offender. The court further instructed the jury that "[w]here a crime requires the existence of a particular intent an alleged aider or abettor cannot be held as a principal unless it is established that the aider knew that the perpetrator of the act had the required intent, or that the aider herself possessed the required intent."

Turning first to the question of whether the evidence was sufficient to convict Wilkening of the charges, we believe the evidence was sufficient. In *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981), we declared that one accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. We said in *Buchanan, supra*, that the State is not required to disprove every hypothesis but that of guilt. See, also, *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983). We have further held that after a jury has considered all of the evidence and returned a verdict of guilty, that verdict may not, as a matter of law, be set aside on appeal for insufficiency of evidence if the evidence sustained some rational theory of guilt. *State v. Evans, supra*. And, further, in *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984), we held that the verdict of the trier of fact must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. See, also, *State v. Kakela*, 218 Neb. 843, 359 N.W.2d 786 (1984).

Exhibits 1, 2, and 3, on their face, set out that on December 8, 1983, November 14, 1983, and September 30, 1983, a prescription order for Percodan for Mary Anderson, purportedly signed by Dr. Gerald C. O'Neil, was presented to a pharmacy. As to the prescription order labeled exhibit 1, the pharmacist was able to make a tentative identification of Wilkening as the one who presented the prescription to him to be filled on December 8, 1983. As to the prescription orders

labeled exhibits 2 and 3, these documents were placed into files kept by the pharmacies. While there was no evidence introduced at trial as to who presented exhibits 2 and 3 to be filled, nevertheless the connecting link between all of these prescriptions was the fact that the words "Mary Anderson" on each of the prescriptions were written by Wilkening without the knowledge or consent of Dr. O'Neil. We cannot say as a matter of law that the jury could not believe that Wilkening, while employed by Dr. O'Neil, acquired the prescription forms and signed her maiden name on each of the prescriptions, as suggested by the handwriting expert. This, coupled with the fact that the jury could have reasonably believed the testimony of Mr. Novita that Wilkening was the individual who presented the December 8, 1983, prescription to be filled, certainly amounted to enough evidence to sustain some rational theory of guilt. Wilkening's assignment of error to the effect that there was insufficient evidence to sustain a verdict of guilty, thus, is simply without merit.

That leaves us, then, with the question of whether the trial court erred in submitting to the jury an instruction on aiding and abetting. The State was unable to produce evidence to establish without question that Wilkening had herself presented the prescriptions to the respective pharmacies in counts II and III and, therefore, could not establish that in fact she was the individual who had obtained or attempted to obtain the drug. What is clear, however, is that there was sufficient circumstantial evidence for a jury to conclude that Wilkening had obtained the prescription forms and had at least affixed her maiden name to the prescriptions on the line "For." Additionally, there was evidence, which the jury could believe, that whoever affixed the name to the "For" line also signed the prescriptions. This, then, would be sufficient evidence of aiding and abetting an attempt to procure the drug, even though the evidence did not establish that Wilkening herself presented the prescriptions for filling. There was sufficient evidence presented for the jury to believe that either Wilkening presented the prescriptions herself, in which case she was guilty as the principal, or someone else did so after being assisted by Wilkening, in which case she was guilty of aiding and abetting.

There was no other evidence as to how the prescriptions could have been received by the various pharmacies and the prescriptions filled and placed in the filled file. The aiding and abetting instruction was therefore supported by the evidence in this case. See *State v. Garza*, 193 Neb. 283, 226 N.W.2d 768 (1975).

For these reasons the judgment of the district court entered following a jury verdict is affirmed.

AFFIRMED.