STATE OF NEBRASKA, APPELLEE, V. GLENN F. BLUE BIRD, APPELLANT.

440 N.W.2d 474

Filed May 26, 1989.   No. 88-690.

James R. Wefso, of Crites, Shaffer, Connealy, Watson & Wefso, for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In a bench trial, the district court for Sheridan County convicted and sentenced Glenn F. Blue Bird for theft in violation of Neb. Rev. Stat. § 28-511 (Reissue 1985), which provides:

(1) A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof.

. . . .

(3) . . . [I]t shall be presumed that a lessee's failure to return leased or rented movable property to the lessor after the expiration of a written lease or written rental agreement is done with intent to deprive if such lessee has been mailed notice by certified mail that such lease or rental agreement has expired and he or she has failed within ten days after such notice to return such property.

The grade of the theft offense charged against Blue Bird was a Class I misdemeanor because the subject property had a value greater than $100 but less than $300, see Neb. Rev. Stat. § 28-518(3) (Reissue 1985), and, therefore, was punishable by imprisonment for a term not exceeding 1 year, up to a $1,000 fine, or both such imprisonment and fine. See Neb. Rev. Stat. § 28-106(1) (Cum. Supp. 1988). The court sentenced Blue Bird to imprisonment for 1 year with credit for Blue Bird's jail time before sentence.

Blue Bird appeals, claiming that the evidence is insufficient to sustain his conviction and that the imposed sentence is excessive.

## FACTS

On June 2, 1988, in Gordon, Sheridan County, Nebraska, Blue Bird was carrying identification documents for a Malcolm Folson, Blue Bird's deceased relative, and entered the MJM video store. Blue Bird presented Folson's identification to MJM's clerk, gave his address as John's Trailer Court, Lot 6, in Gordon, signed a form listing the conditions and provisions for video equipment rental, rented a videocassette recorder (VCR) and a videotape of "A Man Called Tiger," paid the rental fees in cash, and promised to bring the VCR and videotape back to MJM the next day. Blue Bird had rented the VCR and tape for use at Velma Hollow Horn's home, but, when he learned that Hollow Horn and her family had left town, Blue Bird transferred the VCR and tape to Georgeann No Horse, also known as Georgeann No Neck, a visitor from Kyle, South

Dakota, from whom Blue Bird received no money for the transferred videotape and VCR. The MJM rental agreement with Blue Bird prohibited the customer's loaning MJM video equipment to a third person.

On June 3, after the video equipment was supposed to have been returned to MJM, one of MJM's employees reported to Officer James Demicell of the Gordon Police Department that an individual, identified as Malcolm Folson of John's Trailer Court, had failed to return the VCR and tape. MJM's employee gave a detailed description of the person identified as Malcolm Folson, who had obtained the video equipment and tape. Demicell went to John's Trailer Court, the address given by Folson in the rental agreement, where Demicell was told that none at the trailer court knew a Malcolm Folson. Shortly after midnight on June 4, Demicell encountered a group of people near a parked automobile in Gordon. A man inside the parked car identified himself as Malcolm Folson, but one of the group later identified the vehicle's occupant as Glenn Blue Bird, whom Demicell then recognized in view of prior contacts with Blue Bird. Demicell arrested Blue Bird concerning the transaction at MJM and, after Demicell's administration of the *Miranda* warning, Blue Bird admitted that he had rented the VCR and videotape and told Demicell that the video items were at Hollow Horn's home. However, Demicell was unable to locate the video equipment at the Hollow Horn home.

After his arrest and while Blue Bird was in the custody of David Lyon, a deputy sheriff of Sheridan County, Blue Bird stated that he had leased the video equipment to a Virginia No Neck of Kyle, Shannon County, South Dakota. At Lyon's request, the deputy sheriff of Shannon County undertook a search for the video equipment. Eventually, Oglala Sioux tribal police discovered the video equipment in the possession of Georgeann No Horse on the Pine Ridge Reservation in Shannon County.

## SUFFICIENCY OF EVIDENCE

Blue Bird admits that he rented the VCR and videotape from MJM and that he failed to return the items to MJM in accordance with his rental agreement, but argues that the

evidence fails to show Blue Bird's intent to deprive MJM of the VCR and tape.

In determining whether evidence is sufficient to sustain a conviction in a bench trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction.

*State v. Vejvoda,* 231 Neb. 668, 671, 438 N.W.2d 461, 465 (1989).

A defendant may be convicted by circumstantial evidence which establishes the defendant's guilt beyond a reasonable doubt. The State is required to establish the defendant's guilt for the crime charged, but is not required to disprove every hypothesis consistent with the defendant's presumed innocence. See *State v. Schott,* 222 Neb. 456, 384 N.W.2d 620 (1986).

"When an element of a crime involves existence of a defendant's mental process or other state of mind of an accused, such elements involve a question of fact and may be proved by circumstantial evidence." *State v. Hoffman,* 227 Neb. 131, 141, 416 N.W.2d 231, 237 (1987). Evidence established that Blue Bird gave MJM a false name and address at the time he rented the VCR and tape, transferred the equipment to a woman who lived in another state, and failed to return MJM's property as agreed. These facts provided sufficient circumstantial evidence to support a factual finding that Blue Bird intended to deprive MJM of its VCR and tape.

Blue Bird also argues that, in reference to a theft related to leased movable property, the occurrences specified in § 28-511(3), namely, mailing of a certified notice and failure of the lessee to return the property within 10 days, are prerequisites to a finding that the lessee intended to deprive another of property. Section 28-511(3) provides predicates for a presumption of a defendant's intent rather than factual conditions precedent or contingencies for a conviction of theft.

Utilization of a presumption in the trial of a criminal case is governed by Neb. Evid. R. 301 and Neb. Evid. R. 303 (Neb. Rev. Stat. §§ 27-301 and 27-303 (Reissue 1985)). Nevertheless, in view of the evidence against Blue Bird and the absence of any presumption invoked under § 28-511(3) and applied under the Nebraska Evidence Rules, the circumstances afforded the basis for a reasonable inference drawn by the fact finder that Blue Bird intended to deprive MJM of its movable property in violation of § 28-511(1). Further discussion concerning utilization of a statutory presumption in a criminal case is unnecessary.

## EXCESSIVE SENTENCE

"A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." *State v. Kitt, ante* p. 237, 240, 440 N.W.2d 234, 236 (1989).

At the time of sentencing, there was reference to Blue Bird's criminal record, which included convictions for theft, forgery, assault, failing to appear in court on a criminal charge, drunk driving, and Blue Bird's operating a motor vehicle while his driver's license was suspended. Under the circumstances, the trial court did not abuse its discretion in sentencing Blue Bird to 1 year's imprisonment for the conviction of theft.

## CONCLUSION

Blue Bird's assignments of error are without merit; the evidence is sufficient to support the conviction; the sentence imposed is not excessive; and the conviction and sentence are affirmed in all respects.

AFFIRMED.