STATE OF NEBRASKA, APPELLEE, V. REGINALD J. BROUSSARD,
APPELLANT.

457 N.W.2d 457

Filed July 13, 1990.   No. 89-797.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

After a jury trial in the Douglas County District Court, Reginald J. Broussard was convicted of possession with intent to deliver a controlled substance. He appeals to this court. We affirm.

The evidence showed that on September 2, 1988, Omaha police executed a search warrant for a residence at 2952 Patrick

Avenue, Omaha, Nebraska. After breaking down the front door, police found defendant sitting on the couch and arrested him. Carlos Walker was arrested after he attempted to flee the residence. Glenda Smith, the renter of the house, was found sleeping next to her infant son in an upstairs bedroom.

A search of the residence uncovered a loaded revolver in the kitchen. A 22-gram rock of crack cocaine and a razor blade were found in a bag in the kitchen. A small quantity of crack cocaine was discovered in a child's snowsuit, which was in the bedroom where Glenda was sleeping. The police discovered $736 in cash on Walker, $169 was found in Smith's purse, and $100 was found in a diaper bag. The purse and the diaper bag were found in Smith's bedroom.

Broussard was subsequently charged with possession with intent to deliver a controlled substance, crack cocaine. At trial the State presented evidence to support its theory that Walker and Broussard were involved in a joint enterprise to sell crack cocaine. A witness for the State testified that there is a pattern in dealing crack cocaine whereby drug dealers from out of town will come to Omaha and establish a drug operation with the assistance of a local individual. The theory was that Walker came to Omaha from California and established a drug-dealing enterprise with Broussard. That witness testified that the street value of 22 grams of crack cocaine would be $2,500 to $4,000. The amount would be a 30- to 40-day supply for an individual user and would be consistent with resale. The smaller quantity of crack was valued at $20 to $100 and would be more consistent with a personal supply. Leonard Smith, Glenda's uncle, testified that he went to the residence on the day of the search and Walker gave him a piece of crack cocaine. The State stressed that no drug paraphernalia was found in the home.

It was Broussard's theory that he was only a user, not a supplier, of crack cocaine. A defense witness testified that some users go on "runs," where they use crack cocaine continually for several days. In some "sittings" a user can consume over 28 grams of crack cocaine. The witness estimated that 60 percent of the crack cocaine consuming population could use 22 grams of crack over a weekend. Glenda Smith testified that Broussard had been living with her for the last several months before

September 2, but she had thrown him out of the house that day because he had used crack cocaine. Smith explained that the money in her purse was the balance of her aid to dependent children check, which was cashed earlier in the day. She further testified that she never saw Broussard sell crack cocaine and never saw him with a gun. Officer Novotny testified for the State that after the arrest, Broussard admitted to him that on September 1 he and another man purchased from one Carlos Hayes 7 grams of crack cocaine for $600 and then returned to 2952 Patrick. Novotny testified that Broussard "said it was for his personal use and that he was going to share it with his friends at that house" and "[h]e said he wasn't going to sell it." Smith testified that after the arrests she found a soda bottle which had been altered so that it could be used to smoke crack cocaine.

The jury was instructed on principal and accomplice theories of criminal liability. Broussard was found guilty. On appeal to this court, Broussard raises several assignments of error, each of which will be discussed in turn.

Broussard first contends it was error for the trial court to sustain the State's motion in limine because the evidence sought to be admitted was crucial to his case. Before Officer Buske testified at trial, the State made a motion in limine to prevent Broussard from questioning Buske about a statement made to Buske by Walker. During a postarrest interrogation, Walker made a statement to Buske that Walker had sold crack cocaine to the "uncles and relatives of the resident at 2952 Patrick Avenue, Glenda SMITH." The State argued that this statement was inadmissible hearsay. Broussard argued that the statement fell within the hearsay exception found in Neb. Rev. Stat. § 27-804 (Reissue 1989). This section provides in pertinent part:

(2) Subject to the provisions of section 27-403, the following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

(c) A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another, that a reasonable man in his position would not

have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Broussard also argued to the trial court that the statements fell within the catchall residual clause found in § 27-804(2)(e). In this appeal, however, Broussard has apparently abandoned that contention.

Broussard argued to the trial court during an offer of proof that Walker's statement met each requirement of that section and should be admitted as an exception to the hearsay rule. To expedite the offer of proof, the trial court received Buske's written report, which was made a part of the record in this case. The trial court reasoned that the statement was not relevant because Walker did not identify Broussard by name, nor did Walker say that Broussard did not sell crack cocaine. Consequently, the trial court determined the statement was hearsay not within an exception, and sustained the motion in limine. Broussard was not able to question Buske about Walker's statement.

On appeal, Broussard contends it was error to sustain the motion in limine because it impeded his ability to present his theory of the case. Broussard states in his brief that

[t]he theory of the defense in this case was that Broussard possessed crack sold to him by Carlos, but did not participate in the selling of crack. The offer of proof shows that Broussard attempted to introduce evidence that Walker sold to residents and relatives of 2952 Patrick Avenue, so as to add strength to his confession to the officer, that he purchased from a man named Carlos, and did not sell drugs.

Brief for appellant at 11.

Broussard, at trial, offered to prove that Carlos Hayes and Carlos Walker were the same person.

On appeal, the State has conceded that Walker was unavailable to testify. We also conclude that Walker's statement was against his penal interest and was corroborated so as to indicate the trustworthiness of the statement.

Additionally, the proffered evidence must be relevant. Walker's statement did not indicate that defendant did not sell crack cocaine, nor did it specifically name defendant as an individual to whom crack cocaine was sold. Walker stated that he sold crack cocaine to the "uncles and relatives" of Smith. Broussard was Smith's boyfriend, not an uncle or a relative. Although a different situation might be presented had Broussard been within the class of persons to whom Walker sold crack cocaine, the statement as it stands is only minimally relevant to corroborate Broussard's confession that he purchased crack cocaine from one Carlos Hayes, who might also be known as Carlos Walker. "Generally, it is within the trial court's discretion to admit or exclude evidence on the basis of relevancy, and such rulings will be upheld on appeal absent an abuse of discretion." *State v. Nelson, ante* p. 15, 23-24, 453 N.W.2d 454, 460 (1990). We cannot conclude the trial court abused its discretion in finding this evidence was not relevant. The court did not err in sustaining the State's motion in limine.

Broussard next argues that the evidence was insufficient as a matter of law to sustain his conviction for possession with intent to deliver. This court has often stated that in reviewing a criminal conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. *State v. Jones, ante* p. 1, 453 N.W.2d 447 (1990). "[A]fter a jury has considered all of the evidence and returned a verdict of guilty, that verdict may not, as a matter of law, be set aside on appeal for insufficiency of evidence if the evidence sustained some rational theory of guilt." *State v. Wilkening,* 222 Neb. 107, 110, 382 N.W.2d 340, 342 (1986).

In the present case, the jury was instructed with respect to principal and accomplice theories of liability. As we stated in *State v. Walker,* 187 Neb. 482, 484-85, 191 N.W.2d 817, 818 (1971):

A common purpose among two or more persons to commit a crime need not be shown by positive evidence

but may be inferred from the circumstances surrounding the act and from the defendant's conduct subsequent thereto. [Citation omitted.] Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed.

The evidence showed that 22 grams of crack cocaine were found near Walker in a home where defendant was a resident and present at the time. A State's witness testified that 22 grams of cocaine were not consistent with personal use, but instead were consistent with resale. The evidence also showed that it is common for someone who is engaged in the sale of narcotics to have large amounts of cash and that Walker had $736 on him when he was arrested. A witness for the State testified that it is common for an individual from out of town to make contact with someone from the area and begin selling crack cocaine in a joint operation and that this type of operation was common in the area where the search occurred. Smith testified that Walker was not her friend, but was Broussard's friend, and that Walker had stayed at the residence as Broussard's guest for several days prior to the search. Testimony revealed that Walker was from California. As we stated in *State v. Matthews*, 205 Neb. 709, 712, 289 N.W.2d 542, 544 (1980): "Intent to deliver or distribute may be inferred from the equipment and quantity of controlled substances seized, the manner of packaging, the form of drug, and testimony of knowledgeable witnesses." Taking the view most favorable to the State, this evidence, although circumstantial, is sufficient to sustain Broussard's conviction for possession of a controlled substance with the intent to deliver. This assignment of error is without merit.

Broussard next contends that the jury instructions were erroneous for two reasons. First, he contends there was insufficient evidence to instruct the jury on the greater offense of possession with intent to deliver. This contention is without merit. The circumstantial evidence presented at trial was sufficient to permit an instruction that Broussard himself possessed a controlled substance with the intent to deliver. " 'When an element of a crime involves existence of a defendant's mental process or other state of mind of an accused, such elements involve a question of fact and may be

proved by circumstantial evidence.' " *State v. Blue Bird*, 232 Neb. 336, 339, 440 N.W.2d 474, 476-77 (1989). As indicated above in the sufficiency of the evidence discussion, there were ample facts to permit an instruction on an aiding and abetting theory. The jury was properly instructed.

Second, Broussard argues that the instructions unduly emphasized the aiding and abetting theory of the case, citing *State v. Harrison*, 221 Neb. 521, 378 N.W.2d 199 (1985), and *State v. Medina*, 227 Neb. 736, 419 N.W.2d 864 (1988) (a jury instruction which directs the attention of the jury to and unduly emphasizes a part of the evidence is erroneous and should be refused). Broussard does not direct our attention to anything prejudicial or suggestive in the instructions. We have examined the instructions. They do nothing more than accurately and clearly instruct the jury. See *State v. Coffman*, 227 Neb. 149, 416 N.W.2d 243 (1987). There is no error.

Broussard lastly contends his sentence was excessive. Defendant was convicted of one count of unlawful possession of a controlled substance with the intent to deliver, a Class II felony. A Class II felony is punishable by a term of imprisonment from a minimum of 1 year to a maximum of 50 years. Neb. Rev. Stat. § 28-105 (Reissue 1985). Broussard was sentenced to the Nebraska Department of Correctional Services to not less than 4 nor more than 6 years' imprisonment, with credit for 99 days. This court has often stated that a sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed. *State v. Brown, ante* p. 10, 453 N.W.2d 576 (1990). Possession of a controlled substance with intent to distribute is a very serious offense. The sentence is well within the statutory limits. The sentencing court did not abuse its discretion.

Accordingly, defendant's conviction and sentence are affirmed.

AFFIRMED.